IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

W.K. *on behalf of his minor child*, A.K.,

    Plaintiff,

v.                                               1:15-cv-00416-WJ-GBW

ALBUQUERQUE POLICE DEPARTMENT
DETECTIVE DANIEL HOWIE, *in his individual capacity*;
ALBUQUERQUE POLICE DEPARTMENT DETECTIVE
PATRICIA ST. ONGE, *in her individual capacity*,

    Defendants.

## ORDER DENYING MOTION FOR AN ORDER EXTENDING THE TIME TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

THIS MATTER is before the Court on Plaintiff's Motion for an Order Extending the Time to Respond to the Motion for Summary Judgment Based on Qualified Immunity (*doc. 52*).  Being fully advised (*see docs. 55, 60*), the Court will deny the motion.

Defendant Daniel Howie and Defendant Patricia St. Onge have filed a motion for summary judgment.  *See doc. 40*.  In their motion, they assert the defense of qualified immunity.  *Id.* at 16-26.  "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (*citing Pearson v. Callahan*, 555 U.S. 223, 231-32

(2009)). Defendants[1] argue that Plaintiff fails to satisfy either requirement. *Doc. 40* at 2-3. In response to Defendants' motion for summary judgment, Plaintiff filed the instant motion "pursuant to Rule 56(d)." *Doc. 52* at 1. Plaintiff states that he requires "evidence on the issues of whether the Defendants violated [his] constitutional rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment to the United States Constitution and his right to familial association under the First Amendment . . . ." *Id*. at 2.

Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion, the court may "allow time to . . . take discovery." Fed. R. Civ. P. 56(d). Rule 56(d), however, is not a license for a "fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). The party invoking Rule 56(d) must explain by affidavit why the party cannot present facts precluding summary judgment. *Price ex rel. Price v. W. Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). A Rule 56(d) affidavit must satisfy four requirements – it must: (1) identify the "probable facts not available;" (2) explain why those facts "cannot be presented" currently; (3) identify "what steps have been taken to obtain those facts;" and (4) explain "how additional time will enable [the party] to obtain these facts and rebut the motion for summary judgment. *Id*. Moreover, when the summary judgment motion is based on qualified immunity, the discretion to permit discovery pursuant to

---

[1] For the purposes of this order, the term "Defendants" will refer only to Defendant Howie and St. Onge who have brought the summary judgment motion.

Rule 56(d) is limited "because insubstantial lawsuits against government officials should be resolved prior to discovery and on summary judgment if possible." *Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988) (internal quotations and citations omitted). Therefore, a Rule 56(d) affidavit "must demonstrate *how* discovery will enable them to rebut a defendant's showing of objective reasonableness or, stated alternatively, demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion. To that end, it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands. *Lewis*, 903 F.2d at 758 (internal quotations and citations omitted). Relatedly, Plaintiff must explain how his Rule 56(d) discovery is narrowly tailored to the question of qualified immunity. *See Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001).

The affidavit filed by Plaintiff[2] is utterly insufficient when analyzed under the requirements described above. The substance of the affidavit is comprised of the following sentence: "I've reviewed the Motion for Order Extending the Time to Respond to the Motion For Summary Judgment Based On Qualified Immunity and I believe that the witnesses listed and material requested are needed in order to Respond to the Motion . . . so that I can factually contest the Affidavits of Detectives Howie and

---

[2] Plaintiff initially failed to file any affidavit. *See doc. 52*. After Defendants pointed out this failure, Plaintiff remedied it and the Court will accept the late-filed affidavit. *See docs. 55, 57, 59*.

3

Onge." *Doc. 57*, Ex. A. This sentence does not satisfy any of the standard requirements for a Rule 56(d) affidavit, let alone the additional requirements in the context of a summary judgment motion based on qualified immunity. Therefore, the motion must be denied.

Finally, even if the Court were to incorporate everything included in the Plaintiff's briefing into the affidavit, it would be insufficient. Plaintiff has failed to demonstrate a connection between the information he seeks in discovery and the validity of Defendants' qualified immunity assertion, let alone narrowly tailor his discovery request to that issue.

Plaintiff requests that this Court order no less than six (6) depositions on topics as follows: (1) "as to the reason for the quick return of A.K. to his father W.K.;" (2) "to the finding by [the Children, Youth, and Family Department ("CFYD")] not to keep A.K. in their custody because of the lack of probable cause to do so;" (3) "much of the decision to take A.K. into custody was based on information gathered from their interview of T.P. who was a known felon at the time of the interview and a wholly unreliable witness;" (4) the truth of T.P.'s statements to Det. Howie; (5) "information from [the people who train the Albuquerque Police Department ("APD")] on how they train APD and on the proper protocols and procedures as relates [sic] to what these defendants testified they did here." *Doc. 52* at 2-3. Plaintiff also requests that this Court

4

order Defendants to answer interrogatories and requests for production regarding the policies and procedures of APD and CYFD. *Id*. at 3; *doc. 60* at 7.

First, the Court notes a general lack of "probable facts" that Plaintiff claims his 56(d) discovery would uncover. Plaintiff has simply listed topics into which he would like to investigate. This approach is precisely the type of fishing expedition not permitted under Rule 56(d). Second, Plaintiff does not adequately explain how the requested discovery will defeat the qualified immunity defense laid out in Defendants' summary judgment motion. *See Ben Ezra, Weinstein and Company, Inc. v. America Online Inc*., 206 F.3d 980, 987 (10th Cir. 2000) ("A party may not invoke Fed. R. Civ. P. 56(f) by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact."). Third, the inappropriateness of Plaintiff's discovery request is apparent because significant portions -- discovery on policies and procedures of both APD and CYFD – are quite likely irrelevant. Plaintiff baldly asserts that the standard operating procedure ("SOP") evidence "would clearly show that this was not proper procedure and that the violation of the policies by both APD and CYFD led to the violation of the Plaintiff's constitutional rights." *Doc. 60* at 7. Yet SOP evidence is generally not relevant when determining if there was a constitutional violation. *See Tanberg v. Sholtis*, 401 F.3d 1151,

1161-67 (10th Cir. 2005). Plaintiff offers no argument or alternate theory of relevance which would make the SOP evidence relevant here.

Plaintiff's affidavit is facially insufficient to meet the requirements of the Rule. Even if the Court *sua sponte* incorporated Plaintiff's briefing into the affidavit, Plaintiff would fail to qualify for additional discovery pursuant to Rule 56(d).

WHEREFORE, Plaintiff's Motion for an Order Extending the Time to Respond to the Motion for Summary Judgment Based on Qualified Immunity (*doc. 52*) is hereby DENIED. Plaintiff must file his response to Defendants' Motion for Summary Judgment Based on Qualified Immunity (*doc. 40*) no later than May 2, 2016.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE